# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKIE ROSADO,<br>      Petitioner,<br><br>    v.<br><br>SCI MAHANOY, et al.,<br>      Respondents | No. 1:19-cv-2116<br><br>(Judge Kane) |

## MEMORANDUM

On December 12, 2019, pro se Petitioner Frankie Rosado ("Petitioner"), who is presently incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Frackville"), initiated the above-captioned action by filing a letter indicating that he was seeking to protect his deadline for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) He also submitted a copy of his prisoner trust fund account statement. (Doc. No. 2.) In an administrative Order dated December 12, 2019, the Court directed Petitioner either to pay the requisite filing fee or complete and submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 4.)

The Court received a § 2254 petition from Plaintiff on December 16, 2019. (Doc. No. 5.) On December 19, 2019, the Court received a letter from Petitioner in which he requested a copy of his § 2254 petition. (Doc. No. 6.) Petitioner mentioned further that he had placed a request to proceed in forma pauperis in the "request slip box with two cash slips" at SCI Mahanoy and that he was "waiting for it to come back in the mail." (Id.) On January 13, 2020, the Clerk of Court sent Petitioner a letter advising him that the Court had not yet received either the filing fee or a motion for leave to proceed in forma pauperis and requesting that Plaintiff comply with the December 12, 2019 administrative Order within ten (10) days. (Doc. No. 8.) On January 16, 2020, the Court received a certified copy of Petitioner's prisoner trust fund account statement

(Doc. No. 9) as well as a supplemental § 2254 petition (Doc. No. 10). On January 27, 2020, the Court received a second supplemental § 2254 petition (Doc. No. 11) and a motion for leave to proceed in forma pauperis (Doc. No. 12) from Petitioner. The Court will grant Petitioner leave to proceed in forma pauperis, review the § 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and for the following reasons, dismiss the petition without prejudice.

I.  **BACKGROUND**

On May 9, 2012, following a jury trial, Petitioner was found guilty of corruption of a minor, unlawful conduct with a minor, and indecent sexual assault. See Commonwealth v. Rosado, CP-45-CR-0000018-2012 (Monroe Cty. C.C.P.).[1] On August 22, 2012, Petitioner was sentenced to an aggregate sentence of thirty-three (33) to ninety-six (96) months' incarceration. See id. Petitioner filed a timely post-sentence motion, which the trial court denied on September 10, 2012. See id. Petitioner subsequently appealed to the Superior Court of Pennsylvania, arguing that the evidence was insufficient for him to be found guilty of the crimes mentioned above. See Commonwealth v. Rosado, No. 2754 EDA 2012, 2013 WL 11259105, at *1 (Pa. Super. Ct. July 23, 2013). On July 23, 2013, the Superior Court affirmed Petitioner's judgment of sentence, concluding that Petitioner had waived his claim on appeal by failing to include it in his Rule 1925(b) statement. See id. at *2. Petitioner did not seek leave to appeal to the Supreme Court of Pennsylvania.

On February 21, 2014, Petitioner filed a pro se Post Conviction Relief Act ("PCRA") petition in the Court of Common Pleas for Monroe County. See Rosado, CP-45-CR-0000018-

---

[1] A district court may take judicial notice of state court records, as well as its own. See Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

2

2012; see also Commonwealth v. Rosado, No. 2474 EDA 2014, 2015 WL 7352584, at *2 (Pa. Super. Ct. Apr. 17, 2015). Petitioner alleged that trial counsel "was ineffective for failing to raise the fact that the victim had previously accused her father of sexually abusing her and then recanted the accusations." See Rosado, 2015 WL 7352584, at *2. He maintained further that appellate counsel "was ineffective for failing to raise or preserve appeal issues, including the failure to brief the issues specifically raised in the Rule 1925(b) statement." See id. On July 21, 2014, the PCRA court denied Petitioner's PCRA petition. See Rosado, CP-45-CR-0000018-2012. On April 17, 2015, the Superior Court affirmed the denial of his PCRA petition. See Rosado, 2015 WL 7352584, at *1. Petitioner subsequently appealed to the Supreme Court of Pennsylvania. On November 22, 2016, the Supreme Court of Pennsylvania concluded that Petitioner's appellate counsel's decision to file a brief that abandoned all preserved issues in favor of unpreserved issues constituted ineffective assistance of counsel per se, vacated the Superior Court's order, and remanded the matter to that court for further proceedings. See Commonwealth v. Rosado, 637 Pa. 424, 426, 150 A.3d 425, 425-26 (2016).

Upon remand, the Superior Court concluded that "the best resolution of this matter is to put [Petitioner] in a position that will fully restore his direct appeal rights." See Commonwealth v. Rosado, No. 2474 EDA 2014, 2017 WL 219078, at *2 (Pa. Super. Ct. Jan. 19, 2017). The Superior Court stated:

> Because the foundation for his direct appeal was laid by counsel who has since been deemed ineffective per se, we remand the case and direct current counsel to communicate with [Petitioner] about the issues he wants to pursue on appeal and take steps to preserve the issues properly. Counsel's efforts on [Petitioner's] behalf shall include the filing of new post-sentence motions nunc pro tunc. Following disposition of the post-sentence motions nunc pro tunc, either party will have the opportunity to file a timely appeal.

Id. Upon remand to the trial court, Petitioner filed post-sentence motions, which the trial court denied on September 1, 2017. See Rosado, CP-45-CR-0000018-2012. Petitioner filed a timely

3

notice of appeal, arguing that his sentence is excessive and that his conviction is against the weight of the evidence.  See Commonwealth v. Rosado, 3160 EDA 2017, 2018 WL 2308145, at *1-2 (Pa. Super. Ct. May 22, 2018).  On May 22, 2018, the Superior Court affirmed Petitioner's judgment of sentence.  See id. at *1.  The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on December 13, 2018.  See Commonwealth v. Rosado, 199 A.3d 336 (Pa. 2018).

On December 12, 2019, Petitioner initiated the above-captioned action.  As noted above, he has filed a § 2254 petition (Doc. No. 5) and two supplemental § 2254 petitions (Doc. Nos. 10, 11).  Petitioner failed to set forth grounds for relief in his initial § 2254 petition.  In his first supplemental § 2254 petition, he raises the following grounds for relief:

| | |
|---|---|
| Ground One: | Appellate counsel failed to properly raise the issue regarding the weight and sufficiency of the evidence; and |
| Ground Two: | The trial court abused its discretion by stating in its Rule 1925 statement that the trial testimony corroborated the victim's version of events. |

(Doc. No. 10 at 5-7.)  Petitioner suggests that he did not exhaust his state court remedies with respect to these claims.  (Id.)  In his second supplemental § 2254 petition, Petitioner raises the following grounds:

| | |
|---|---|
| Ground One: | The trial court violated Petitioner's Sixth Amendment right to confront the complainant regarding her accusations against her biological father, and appellate counsel failed to raise this issue on direct appeal; |
| Ground Two: | Prosecutorial misconduct occurred when the District Attorney introduced false evidence and withheld favorable evidence from Petitioner; |
| Ground Three: | The trial court abused its discretion by stating in its Rule 1925 statement that the complainant's testimony corroborated the testimony given by other witnesses; and |

Ground Four: Pocono Township Detective Thomas Lynott included falsified information in the incident report.

(Doc. No. 11 at 6-7, 17-20.) Petitioner suggests that he has not raised Grounds Two, Three, and Four in state court proceedings. (Id. at 17-20.) With respect to Ground One, Petitioner suggests that he raised it in his initial PCRA petition but that the state courts never considered it because of the Supreme Court of Pennsylvania's conclusion that appellate counsel had rendered ineffective assistance per se. (Id. at 6-7.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. foll. § 2254. Based upon the petition and the state court docket, the Court concludes that this petition is unexhausted.

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state-court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts the state courts on notice that a federal claim is being asserted. See McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

5

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights." See Alston v. Diguglielmo, No. 07-cv-2618, 2009 WL 2096214, at *2 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

It is apparent from the face of Petitioner's § 2254 petitions, as well as from public records concerning Petitioner's criminal proceedings, that he has not exhausted his state court remedies. As is evident from the docket of the Court of Common Pleas of Monroe County, Petitioner's judgment of sentence is now final, and Petitioner has yet to file a PCRA petition raising the grounds for relief set forth above. See Rosado, CP-45-CR-0000018-2012. Moreover, because Petitioner still may file a timely PCRA petition raising these claims, the one-year statute of limitations will not bar a subsequent habeas petition. Even on the strictest calculation of the limitations period, Petitioner has an opportunity to return to federal court after exhausting his state court remedies.[2] Accordingly, the Court will dismiss Petitioner's § 2254 petitions without

---

[2] As noted above, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on December 13, 2018. See Commonwealth v. Rosado, 199 A.3d 336 (Pa. 2018). Petitioner's judgment of sentence became final, therefore, on March 13, 2019, when his time for seeking a writ of certiorari from the United States Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A); 42 Pa. Cons. Stat. Ann. § 9545(b)(1); see also Bacon v. Sommers, No. 3:18-cv-59, 2019 WL 1239429, at *2 (M.D. Pa. Mar. 18, 2019); Commonwealth v. Jones, 617 Pa. 587, 590-91, 54 A.3d 14, 16-17 (2012). Petitioner, therefore, has one year from March 13, 2019 to

prejudice to Petitioner's right to refile a § 2254 petition, should he elect to do so, promptly following the conclusion of any PCRA proceedings that Petitioner may choose to pursue. See Myers v. Warden of SCI-Albion, No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473,

---

file a PCRA petition raising the claims he now seeks to raise in his § 2254 proceedings. See 42 Pa. Cons. Stat. Ann. § 9545(b)(1). Because Petitioner's direct appeal rights were restored via his first PCRA petition, any subsequent PCRA petition will be "considered a first PCRA petition for timeliness purposes." See Commonwealth v. Karanicolas, 836 A.2d 940, 944 (Pa. Super. Ct. 2003). Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under" 28 U.S.C. § 2244(d)(1). See 28 U.S.C. § 2244(d)(2).

484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner leave to proceed in forma pauperis (Doc. No. 12) and dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 5, 10, 11) without prejudice to Petitioner's right to file a PCRA petition in state court and return to this Court once he has exhausted his state court remedies. The Court will not issue a COA. An appropriate Order follows.